**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KARLA ELIZABETH MEDINA ESPINOZA,** | § § § § | |
| *Petitioner,* | § § | |
| v. | § § | |
| **WARDEN,** *El Paso Service Processing Center*; **MARY DE ANDA-YBARRA,** *Field Office Director for El Paso Immigration and Customs Enforcement*; **TODD LYONS,** *Director of Immigration and Customs Enforcement*; **MARKWAYNE MULLIN,** *Secretary of the U.S. Department of Homeland Security*; **and** **TODD BLANCHE,** *Acting Attorney General of the United States,* | § § § § § § § § § § § § § § § § | **EP-26-CV-01593-DCG** |
| *Respondents.* | § § | |

## ORDER DISMISSING CASE AS DUPLICATIVE

Over the past few months, numerous immigration detainees have filed successive *pro se* habeas petitions despite already having a counsel-filed petition seeking the same relief on the docket.[1] Invoking the rule against hybrid representation—that is, the rule that "a party is not entitled . . . to simultaneously proceed *pro se* and through counsel"—the undersigned Judge has dismissed the later-filed *pro se* petitions as duplicative.[2]

---

[1] *See, e.g.*, *Perez Suarez v. DHS*, No. 3:26-CV-01174, 2026 WL 1166169, at *1 (W.D. Tex. Apr. 28, 2026) (Guaderrama, J.) ("Even though her attorney has already filed a pending habeas corpus petition on her behalf, [the petitioner] has attempted to file a second habeas corpus case . . . . Her Proposed Second Petition seeks the same relief as the First: release from custody and/or a bond hearing. The only significant difference is that Petitioner filed the Proposed Second Petition '*pro se*' . . . .").

[2] *See, e.g.*, *id.* at *2.

This case, however, presents the reverse scenario: Several weeks after Petitioner Karla Elizabeth Medina Espinoza filed a *pro se* habeas petition (which remains pending and is already fully briefed),[3] an attorney filed a successive petition on her behalf.[4]  Both Petitions seek essentially the same relief: release from detention, or, alternatively, a bond hearing.[5]  Yet the Second Petition doesn't acknowledge the First.[6]

Although this case presents the mirror image of the circumstances discussed above, the appropriate course of action remains the same: dismiss the later-filed case and let the earlier-filed case go forward.[7]  Respondents have already briefed the First Petition,[8] and the Court sees little benefit in requiring the Government to brief Petitioner's habeas claims a second time.  If Petitioner's attorney wants to represent Petitioner in connection with her habeas claims, he may enter an appearance in the earlier-filed case.  And if he wants the Court to consider claims or

---

[3] *See* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 1, 8, *Medina Espinoza v. Romero*, No. 3:26-CV-01214 (W.D. Tex. Apr. 27, 2026), ECF No. 1 [hereinafter 1st Pet.].

*See also* Response to Petition, *Medina Espinoza v. Romero*, No. 3:26-CV-01214 (W.D. Tex. May 18, 2026), ECF No. 8.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[4] *See* 2d Pet., ECF No. 1, at 11.

The Court is reasonably confident that the two cases weren't filed by two different people with the same name.  *Compare* 1st Pet. at 6 ("I have 3 US citizen children . . . ."), *with* 2d Pet. at 2 ("Petitioner . . . is the mother of three United States citizen children . . . .").

[5] *Compare* 1st Pet. at 7 ("I am requesting release from custody on bond and I am willing to comply with any conditions of release."), *with* 2d Pet. at 11 (asking the Court to "[o]rder Respondents to immediately provide Petitioner with an individualized custody determination . . . or alternatively release Petitioner from custody under appropriate conditions of supervision").

[6] *See* 2d Pet. at 1–13; *see also* Civ. Cover Sheet, ECF No. 1-1, at 1 (leaving the space next to "Related Case(s) If Any" blank).

[7] *See supra* notes 1–2 and accompanying text.

[8] *See supra* note 3 and accompanying text.

arguments that Petitioner failed to raise in her *pro se* Petition, he may move for leave to amend that Petition.[9]

\* \* \*

The Court **DISMISSES** and **CLOSES** the above-captioned case.

Petitioner's earlier-filed habeas case (*Medina Espinoza v. Romero*, No. 3:26-cv-1214) **REMAINS OPEN**.  Petitioner's counsel may enter an appearance and file appropriate documents in that case if he wishes.  The Court will rule on Petitioner's First Petition in due course, as its heavy caseload permits.

The Clerk of Court shall **EMAIL** this Order to the attorney representing the respondents in *Medina Espinoza v. Romero*, No. 3:26-cv-1214 (Mr. Nathan Ripley).

The Clerk shall **MAIL** this Order to:

Karla Elizabeth Medina Espinoza
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

Just in case the Government relocates Petitioner to another facility while this mailing is in transit, the Clerk of Court shall also **MAIL** this Order to:

Karla Elizabeth Medina Espinoza
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 10th day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[9] The Court does not yet take any position on whether it would grant such a motion.

- 3 -